Stephen D. Finestone (125675)
John F. Sullivan (175236)
LAW OFFICES OF STEPHEN D. FINESTONE
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Telephone: (415) 421-2624
Facsimile: (415) 398-2820
Email: sfinestone@pobox.com

Proposed Counsel for Debtor and Debtor in Possession
Nurserymen's Exchange, Inc.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No. 11- |
| | ) | |
| NURSERYMEN'S EXCHANGE, INC. | ) | Chapter 11 |
| | ) | |
| Debtor and Debtor in Possession | ) | **APPLICATION FOR ORDER** |
| | ) | **AUTHORIZING DEBTOR TO EMPLOY** |
| | ) | **KATTEN MUCHIN ROSENMANN LLP** |
| | ) | **AS SPECIAL CORPORATE COUNSEL** |
| _____ | ) | |

Nurserymen's Exchange, Inc, Debtor and Debtor in possession herein ("Debtor"), hereby submits this application (the "Application") authorizing Debtor to employ Katten Muchin & Rosenmann, LLP ("Katten"), whose offices are located at 2029 Century Park East, Suite 2600, Los Angeles, California, 90067. as special corporate counsel for the Debtor.   In support of the Application, the Debtor represents as follows:

1.      On May 23, 2011, Applicant filed in this Court its Voluntary Petition for relief under Chapter 11 of Title 11, United States Code.

**Qualifications of Katten**

2.      Katten is particularly well suited for the type of representation required by Debtor. Katten is a nationallaw firm with an extremely broad-based practice including substantial expertise in all areas of the law relating to issues that may arise in this case including, but not limited to, securities, corporate, real estate, finance, labor and tax law.  In addition, Katten is familiar with Debtor's business

and corporate structure, having (a) represented Debtor on a variety corporate and other matters over the last five years and (b) assisted Debtor with its restructuring efforts and, ultimately, its preparations to commence this Chapter 11 case. Accordingly, Katten possesses the requisite expertise and background to provide effective and efficient services relating to this case.

**Services to be Provided by Katten**

3.     Debtor requests that Katten render the following legal services in connection with this case:

(a)     to negotiate and prepare documents relating to the disposition of assets, as requested by Debtor;

(b)     to advise Debtor on financing and financing-related matters and transactional matters relating to the sale of Debtor's assets

(c)     to advise Debtor with respect to its rights, powers and duties as debtor in possession in the continued management and operation of its business;

(d)     assisting lead bankruptcy counsel in formulating, negotiating, preparing and promulgating on behalf of Debtor a plan of reorganization or liquidation, a disclosure statement and all related documents;

(e)     assisting lead bankruptcy counsel in matters related to the administration of Debtor's estate; and

(f)     assisting lead bankruptcy counsel in performing such other legal services for Debtor as may be necessary and appropriate in the administration of this case, including advising and assisting Debtor with respect to resolving disputes with any creditor constituency that may arise, debt restructurings, stock or asset dispositions, mergers, or other strategic transactions and legal issues involving corporate, labor, employee benefits, securities, finance, real estate and regulatory matters.

**Compensation of Katten**

4.     Katten is willing to serve as special counsel for Debtor in this Chapter 11 case and to accept compensation for professional services rendered (on an hourly basis) and reimbursement of expenses incurred in accordance with sections 328, 330 and 331 of the Bankruptcy Code and applicable provisions of both the Bankruptcy Rules and the Local Rules. Katten intends to charge for its legal

Case: 11-31985   Doc# 30   Filed: 05/24/11   Entered: 05/24/11 19:59:23   Page 2 of 5

services in this Chapter 11 case in accordance with its usual and customary billing practices.  Generally, Katten's hourly rates fall within the following ranges:

| Billing Category | Range |
|---|---|
| Partners | $530 - 895 |
| Associates | $300 - 525 |
| Paraprofessionals | $150 - 295 |

5.     The names, positions and current hourly rates of the Katten professionals presently expected to have primary responsibility for providing services to Debtor are as follow:  Mark A. Conley (Corporate Partner) — $665/hour; Benzion J. Westreich (Real Estate Partner) — $650/hour; Alissa B. Mafrice (Real Estate Associate) — $460/hour; Philip Lang (Corporate Associate) — $460/hour; and Efrain R. Miron (Corporate Associate) — $385/hour.  In addition, from time to time, it may be necessary for other Katten professionals or paraprofessionals to provide services to Debtor.

6.     Katten explained to Debtor that all of the hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

7.     Other than as set forth herein and in the accompanying Declaration of Mark A. Conley, there is no proposed arrangement to compensate Katten. Katten has not shared, nor agreed to share (a) any compensation it has received or may receive with any other party or person, other than with the partners, counsel and associates of Katten, or (b) any compensation another person or party has received or may receive.

8.     Katten will send Debtor invoices for services rendered and disbursements incurred. During the course of this Chapter 11 case, such invoices constitute a request for interim payment against the total reasonable fees and reimbursable expenses to be determined at the conclusion of this Chapter 11 case.  Interim and final payments are to be made on account of such invoices only in accordance with orders of the Court.  Katten intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this Chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of California and the orders of the Court.

Case: 11-31985   Doc# 30   Filed: 05/24/11   Entered: 05/24/11 19:59:23   Page 3 of 5

9. During the ninety-day period before the Petition Date, Katten received approximately $251,568.63 from Debtor in the ordinary course of business for professional services performed and expenses incurred. On May 20, 2011, Katten debited the retainer referred to in the paragraph below in the amount of $86,812.29 for services rendered through May 19, 2011. On May 19, 2011, Katten received from Debtor the amount of $98,985.36 for services previously rendered through April 30, 2011. On May 4, 2011, Katten received from Debtor the amount of $65,770.98 for services previously rendered

10. On May 19, 2011, Katten received from Debtor approximately $150,000 that Katten has held as a retainer (the "Retainer") in connection with the pre-petition planning and preparation of the initial documents and its post-petition representation of Debtor. The week preceding the Petition Date, Katten applied a portion of the Retainer to cover an invoice issued for the legal services rendered through May 20, 2011. As of the Petition Date, approximately $63,210 continues to be held by Katten as a retainer subject to the future direction and orders of the Court. As of the Petition Date, Katten does not hold a claim against Debtor for legal services or otherwise.

**Katten's Lack of Adverse Interests**

11. Except as set forth below and in the Declaration of Mark A. Conley, Katten has no connection with Debtor, its creditors or any other party in interest herein, the United States Trustee or any person employed in the office of the United States Trustee. Debtor does not believe Katten holdw or represents any interest adverse to Debtor or its estate with respect to matters on which Katten is to be engaged.

12. Katten represents certain of Debtor's creditors in ongoing matters unrelated to Debtor and this Chapter 11 case. None of the representations described herein are materially adverse to the interests of Debtor's estate. Moreover, pursuant to section 327(c) of the Bankruptcy Code, Katten is not disqualified from acting as Debtor's counsel merely because it represents Debtor's creditors or other parties in interest in matters unrelated to this Chapter 11 case.

a) From time to time, Katten currently, has in the past, and/or may in the future represent the following pre-petition secured creditors and/or one or more of their respective affiliates in matters wholly unrelated to Debtor's Chapter 11 case: Wells Fargo N.A. ("Wells Fargo").

Case: 11-31985   Doc# 30   Filed: 05/24/11   Entered: 05/24/11 19:59:23   Page 4 of 5

1         b)     From time to time, Katten currently, has in the past and/or may in the future

2  represent the following unsecured creditors in matters wholly unrelated to Debtor's Chapter 11 case:

3  AT&T Long Distance, Arrowhead Mountain Spring Water Company, Barnes Distribution, Comfort Inn,

4  Concur Technologies, Inc., Crop Production Services, Inc., IBM Corporation, Ikon Financial Services,

5  International Paper Company, Land's End Business Outfitters, Penske Truck Leasing, Sprint, Siemens

6  Water Technologies Corporation, The Home Depot and Verizon Wireless.

7       13.    Wells Fargo is the senior, secured, pre-petition lender to Debtor.  With respect to all of

8  Katten's past, present and future representations, in the event that, at any point in this case, there is a

9  need for Debtor to commence litigation directly against Wells Fargo, Katten will not represent Debtor

10  with respect to such matters and Debtor will engage and retain separate counsel for that purpose.

11       14.    Based on the above, Debtor believes Katten neither holds nor represents any interest

12  adverse to Debtor or its estate; and that Katten is eligible for employment and retention by Debtor

13  pursuant to section 327(e) of the Bankruptcy Code and the applicable Bankruptcy Rules.

14

15  Dated: May 24, 2011              /s/ Justin Dautoff

16                                      Justin Dautoff
                                    Chief Operating Officer

17                                      Nurserymen's Exchange, Inc.

18

19

20

21

22

23

24

25

26

27

28

Case: 11-31985   Doc# 30   Filed: 05/24/11   Entered: 05/24/11 19:59:23   Page 5 of 5