

**Entered on Docket**
**June 06, 2011**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: June 03, 2011

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

Stephen D. Finestone (125675)
John F. Sullivan (175236)
LAW OFFICES OF STEPHEN D. FINESTONE
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Telephone: (415) 421-2624
Facsimile: (415) 398-2820
Email: sfinestone@pobox.com

Proposed Counsel for Debtor and Debtor in Possession
Nurserymen's Exchange, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                             ) Case No. 11-31985
                                                  )
NURSERYMEN'S EXCHANGE, INC.                       ) Chapter 11
                                                  )
    Debtor and Debtor in Possession         ) **Date:** June 2, 2011
                                                  ) **Time:** 1:00 p.m.
                                                  ) **Place:** 235 Pine Street, Courtroom 22
                                                  )        San Francisco, CA
_____)

**FURTHER ORDER GRANTING MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR INTERIM ORDERS (I) AUTHORIZING (A) SECURED POSTPETITION FINANCING ON A SUPER PRIORITY BASIS PURSUANT TO 11 U.S.C. § 364, (B) USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND (C) GRANT OF ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 363 AND 364, AND (II) SCHEDULING A SECOND INTERIM HEARING PURSUANT TO BANKRUPTCY RULE 4001(c);**

    Debtor's motion (the "Motion") for an order seeking authorization

    (a) pursuant to Sections 363(c), 364(c)(1), 364(c)(2) and 364(c)(3) and 364(d) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 4001(c) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), among other things,

        (i) for Debtor to obtain post petition financing in an aggregate amount not to exceed $5,000,000 (the "DIP Financing") from Wells Fargo Bank, National Association ("Secured Lender"), substantially on the terms and conditions set forth in this Order and that certain Credit and Security Agreement, dated as of May 23, 2011 by and among Debtor and Secured Lender, a copy of which is

ORDER RE DIP FINANCING     1

Case: 11-31985    Doc# 57    Filed: 06/03/11    Entered: 06/06/11 10:57:22    Page 1 of 7

attached to the Motion (as amended, supplemented, or otherwise modified and in effect from time to time, the "DIP Agreement", and together with any and all related documents and agreements entered into in connection with or related to the DIP Financing, the "DIP Loan Documents");

(ii) for Debtor to grant the Secured Lender, pursuant to Bankruptcy Code § 364(c) and (d) security interests in all of Debtors' currently owned and after acquired property to secure Debtor's obligations under the DIP Financing, and (iii) for Debtor to grant the Secured Lender priority in payment with respect to such obligations over any and all administrative expenses of the kinds specified in Bankruptcy Code §§ 503(b) and 507(b);

(b) seeking this Court's authorization to use the Secured Lender's cash collateral (consisting of the proceeds of the Secured Lender's pre-petition collateral) within the meaning of Bankruptcy Code section 363(a) (the "Cash Collateral"), pursuant to Bankruptcy Code section 363(c) for the purposes set forth herein;

(c) seeking this Court's authorization to provide adequate protection, pursuant to Bankruptcy Code sections 361, 362, 363(e) and 364(d), to the Secured Lender; and, seeking a preliminary hearing (the "Preliminary Hearing") on the Motion to consider entry of this Order pursuant to Bankruptcy Rule 4001 authorizing Debtor to borrow from the Secured Lender under the DIP Financing upon the terms and conditions set forth in this Order and the DIP Loan Documents pending the Final Hearing referred to below; and

(d) requesting that a final hearing (the "Final Hearing") be scheduled by this Court to consider entry of a final order authorizing on a final basis, among other things, the DIP Financing; due and sufficient notice of the Motion under the circumstances having been given; and the Preliminary Hearing on the Motion having been held before this Court; and upon the entire record made at the Preliminary Hearing, and this Court having found good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

**1.** The Motion is granted on an interim basis to the extent that Debtor is authorized to borrow up to $3.35 million under the terms of the DIP Financing Agreement for use through June 10, 2011 pursuant to the budget (the "Budget") attached hereto. Notwithstanding any language in the DIP Financing Agreement to the contrary, nothing in this Order shall ratify the rights of, or waive or release

Case: 11-31985    Doc# 57    Filed: 06/03/11    Entered: 06/06/11 10:57:22    Page 2 of 7

any claims of any party against, Secured Lender or limit the time for any party to bring claims against Secured Lender, all of which rights are specifically preserved pending a further interim or final hearing

2. Notice was proper under the circumstances herein.

3. Debtor is authorized to borrow pursuant to the terms and restrictions of the DIP Financing and the DIP Loan Documents and to operate pursuant to the Budget. Debtor is further authorized to use the Cash Collateral to make payments to the Secured Lender on the pre-petition obligations when due pursuant to Bankruptcy Code § 363(c);

4. The DIP Financing and the DIP Loan Documents shall constitute and evidence the valid and binding obligations of Debtor, which obligations shall be enforceable in accordance with the terms set forth therein and the terms of this Order.

5. A further interim hearing on Debtor's motion will be held on June 9, 2011 at 1:00 p.m.

6. Secured Lender is granted, as security for the repayment of all obligations under the DIP Loan Documents and in connection with the DIP Financing (the "DIP Facility Obligations") pursuant to §§ 364(c)(2) and 364(c)(3) and (d) of the Bankruptcy Code, valid and perfected first priority liens and security interests, on all assets of Debtor and its estate, including all proceeds of the foregoing (the "DIP Collateral"), and collectively with the Pre-petition Collateral (as that term is defined in the Motion, the "Collateral"), junior only to (A) valid and perfected liens and security interests extant on the Petition Date that were senior to the Pre-Petition Liens (the "Postpetition Liens"); (B) the Carve-Out, as defined below; (c) the payment of fees pursuant to 28 U.S.C. section 1930.

7. This Order constitutes sufficient and conclusive evidence of the granting, attachment, priority, perfection and validity of the Post petition Liens, effective as of the date and time of the Entry of this Order, without any further act. Notwithstanding the foregoing, the Secured Lender may, in its sole discretion, file or cause Debtor to file, such financing statements, mortgages, notices of liens, or similar documents or instruments or otherwise confirm perfection of such liens, security interests, and mortgages as the Secured Lender may require, and the automatic stay imposed under section 362 of the Bankruptcy Code shall be deemed modified for such purposes, and all such financing statements, mortgages, notices of liens, or similar documents or instruments shall be deemed to have been filed or recorded at the time and on the date of entry of this Order.

8. The Secured Lender is granted a super-priority administrative expense claim (the "Super-priority Claim") pursuant to the Bankruptcy Code section 364(c)(1) for the DIP Financing, having priority over any and all other administrative claims against Debtor, now existing or hereafter arising, of any kind whatsoever, including, without limitation, all administrative expenses of the kinds specified in or arising or ordered under Bankruptcy Code sections 105(a), 326, 328, 330, 331, 503(b), 506(c) (subject to entry of a further Interim Order or a Final Order) 507, 546(c) (subject to entry of a Final Order), 726, 1113, and 1114 or otherwise; provided, that the Super-priority Claim will not be senior to any amounts due pursuant to 28 U.S.C. §1930 and may not be paid from the proceeds of any Avoiding Power Causes of Action (as that term is defined in the Motion).

9. Debtor is authorized to (a) execute and deliver to the Secured Lender any and all nonmaterial amendments to the DIP Financing and DIP Loan Documents as approved in writing by the Secured Lender and Debtor without further order of the Court, and (b) comply with their respective obligations under any such amendment or amendments.

10. Debtor shall to continue to make all required payments due under the Pre-Petition Loan Agreement on all Pre-Petition Obligations when due, including payments on the Pre-petition Secured Term Indebtedness (as that term is defined in the Motion).

11.. The proceeds of the Pre-Petition Collateral shall be applied first to repay outstanding Pre-Petition Obligations until paid in full, and thereafter to repay DIP Facility Obligations. The proceeds of the DIP Collateral shall be applied first to repay outstanding DIP Facility Obligations until paid in full. In the event any proceeds cannot conclusively identified by Debtor as Pre-Petition Collateral or Post-Petition Collateral, the Secured Lender shall be entitled to treat such proceeds as Pre-Petition Collateral.

12. The liens granted to the Secured Lender as security for the repayment of the DIP Facility Obligations, are subject only to (i) valid and perfected liens extant on the Petition Date; (ii) the allowed and unpaid professional fees and disbursements incurred by Debtor's estate, in an aggregate amount not in excess of $200,000 (the "Carve-Out"); and (iii) the payment of fees pursuant to 28 U.S.C. section 1930. The Carve-Out is in addition to any retainers held and any other administrative claims provided for and paid pursuant to the Budget.

13. The provisions of this Order shall be binding upon and inure to the benefit of the Secured Lender, Debtor and their respective successors and assigns including, without limitation, any trustee hereinafter appointed.

14. In the event of any inconsistency between the terms and conditions of (i) the DIP Financing and the DIP Loan Documents and (ii) this Order, the provisions of this Order shall govern.

15. The Bankruptcy Court retains jurisdiction to resolve any disputes arising under or related to this Order or the DIP Financing.

** END OF ORDER **

**Nurserymen's Exchange, Inc.**
**11 Week Cash Flow Forecast**
*($ in 000s)*

| | Forecast Week 1 5/27 | Forecast Week 2 6/3 | Forecast Week 3 6/10 | Forecast Week 4 6/17 | Forecast Week 5 6/24 | Forecast Week 6 7/1 | Forecast Week 7 7/8 | Forecast Week 8 7/15 | Forecast Week 9 7/22 | Forecast Week 10 7/29 | Forecast Week 11 8/5 | Forecast 11 Week Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **REVENUE** | | | | | | | | | | | | |
| Net Revenue | | | | | | | | | | | | |
| Half Moon Bay | $191 | $246 | $158 | $175 | $243 | $153 | $123 | $112 | $106 | $113 | $1,097 | $2,716 |
| S CA Brokerage | 297 | 99 | 115 | 80 | 297 | 76 | 60 | 42 | 777 | 49 | 43 | 1,935 |
| Bloomrite Gardens | 140 | 110 | 184 | 156 | 162 | 49 | 144 | 142 | 164 | 143 | 107 | 1,500 |
| Net Revenue | 628 | 454 | 456 | 411 | 703 | 277 | 326 | 295 | 1,047 | 305 | 1,247 | 6,151 |
| Cumulative Net Revenue | 628 | 1,083 | 1,538 | 1,950 | 2,653 | 2,930 | 3,257 | 3,552 | 4,599 | 4,904 | 6,151 | |
| Covenant | | 500 | 1,000 | 1,400 | 2,100 | 2,400 | 2,700 | 3,000 | 4,000 | 4,400 | | |
| Cushion | | 583 | 538 | 550 | 553 | 530 | 557 | 552 | 599 | 504 | | |
| **CASH FLOW** | | | | | | | | | | | | |
| Receipts | | | | | | | | | | | | |
| A/R Collections | $1,359 | $1,003 | $1,909 | $3,604 | $491 | $3,183 | $574 | $607 | $511 | $501 | $565 | $14,308 |
| **Operating Disbursements** | | | | | | | | | | | | |
| Purchases | (661) | (409) | (254) | (192) | (198) | (183) | (216) | (75) | (137) | (175) | (210) | (2,708) |
| Freight | (71) | (130) | (121) | (116) | (158) | (34) | (29) | (26) | (127) | (29) | (155) | (996) |
| Payroll / Benefits | (25) | (505) | (25) | (365) | (25) | (505) | (25) | (365) | (25) | (365) | (165) | (2,395) |
| Contract Labor | (0) | (5) | (211) | (37) | (187) | (16) | (37) | (4) | 0 | 0 | (0) | (499) |
| Other Direct | (25) | (30) | (25) | (25) | (25) | (30) | (25) | (25) | (25) | (25) | (30) | (290) |
| Utilities | (5) | (5) | (215) | (5) | (5) | (5) | (215) | (5) | (5) | (5) | (5) | (475) |
| Other SG&A | (24) | (35) | (24) | (24) | (24) | (24) | (24) | (24) | (24) | (24) | (24) | (275) |
| Operating Disbursements | (811) | (1,119) | (876) | (764) | (622) | (797) | (571) | (524) | (343) | (624) | (588) | (7,638) |
| **Non-Operating Disbursements** | | | | | | | | | | | | |
| Cash Interest Expense | 0 | (116) | 0 | 0 | 0 | (104) | 0 | 0 | 0 | 0 | (60) | (280) |
| Debt Amortization | 0 | (75) | 0 | 0 | 0 | (75) | 0 | 0 | 0 | 0 | (75) | (225) |
| Bank Fees - Regular Fees | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Real Estate Escrow Deposit - PUD Sale Related | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Professional Fees | 0 | (75) | 0 | 0 | 0 | (200) | 0 | 0 | 0 | 0 | 0 | (275) |
| Utility Deposits | (250) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | (250) |
| Non-Operating Disbursements | (250) | (266) | 0 | 0 | 0 | (379) | 0 | 0 | 0 | 0 | (135) | (1,030) |
| Total Disbursements | (1,061) | (1,384) | (876) | (764) | (622) | (1,175) | (571) | (524) | (343) | (624) | (724) | (8,668) |
| Cumulative Total Disbursements | (1,061) | (2,446) | (3,321) | (4,085) | (4,707) | (5,883) | (6,454) | (6,978) | (7,321) | (7,944) | (8,668) | |
| Covenant | | (2,920) | (3,639) | (4,472) | (5,149) | (6,443) | (7,072) | (7,648) | (8,025) | (8,712) | | |
| Cushion | | 474 | 318 | 387 | 442 | 560 | 618 | 670 | 704 | 768 | | |
| **Cash Collections Less Disbursements** | 297 | (381) | 1,033 | 2,840 | (131) | 2,008 | 3 | 83 | 169 | (123) | (158) | 5,640 |
| *Cumulative Collections Less Disbursements* | 297 | (84) | 950 | 3,789 | 3,659 | 5,666 | 5,669 | 5,752 | 5,921 | 5,798 | 5,640 | -- |
| **Beginning Cash** | 0 | 0 | 0 | 0 | 0 | 0 | 53 | 56 | 138 | 307 | 184 | |
| Change in cash from operations | 297 | (381) | 1,033 | 2,840 | (131) | 2,008 | 3 | 83 | 169 | (123) | (158) | |
| Revolver increase/(decrease) | (297) | 381 | (1,033) | (2,840) | 131 | (1,955) | 0 | 0 | 0 | 0 | 0 | |
| Ending Cash | 0 | 0 | 0 | 0 | 0 | 53 | 56 | 138 | 307 | 184 | 26 | |
| **LIQUIDITY** | | | | | | | | | | | | |
| Book Availability / (Overadvance) | 25,450 | 26,600 | 27,350 | | | | | | | | | |
| (+) Borrowing Base | $10,309 | $9,870 | $8,707 | $5,754 | $5,923 | $3,599 | $3,400 | $3,231 | $3,660 | $3,502 | $4,048 | |
| (-) Pre-Petition RLOC Balance | ($4,255) | ($3,252) | ($1,343) | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | |
| (-) Pre-Petition L/C's | ($924) | ($70) | ($70) | ($70) | ($70) | ($70) | ($70) | ($70) | ($70) | ($70) | ($70) | |
| Gross DIP Availability | $5,130 | $6,548 | $7,295 | $5,684 | $5,853 | $3,529 | $3,331 | $3,161 | $3,590 | $3,433 | $3,978 | |
| DIP RLOC Limit: | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | |
| DIP Availability | $5,000 | $5,000 | $5,000 | $5,000 | $5,000 | $3,529 | $3,331 | $3,161 | $3,590 | $3,433 | $3,978 | |
| (-) Real Estate Tax Reserve | (226) | (243) | (243) | (243) | (243) | (261) | (261) | (261) | (261) | (261) | (278) | |
| (-) Payroll Tax Reserve | (197) | (0) | (197) | (0) | (197) | (0) | (197) | (0) | (197) | (0) | (197) | |
| (-) Merchant Card Reserve | (66) | (66) | (66) | (66) | (66) | (66) | (66) | (66) | (66) | (66) | (66) | |
| (-) Carve out Professional Fees | (200) | (200) | (200) | (200) | (200) | (200) | (200) | (200) | (200) | (200) | (200) | |
| (-) Post-Petition Book Revolver | (1,061) | (2,446) | (3,321) | (1,824) | (1,955) | 0 | 0 | 0 | 0 | 0 | 0 | |
| (-) Post-Petition Letters of Credit | 0 | (854) | (854) | (854) | (854) | (854) | (854) | (854) | (854) | (854) | (854) | |
| Excess DIP Availability | 3,250 | 1,191 | 118 | 1,812 | 1,485 | 2,148 | 1,753 | 1,781 | 2,012 | 2,052 | 2,383 | |

**Nurserymen's Exchange, Inc.**
**11 Week Cash Flow Forecast**
*($ in 000s)*

| | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast | Forecast |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week # | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 11 Week |
| Week Ending Fri, | 5/27 | 6/3 | 6/10 | 6/17 | 6/24 | 7/1 | 7/8 | 7/15 | 7/22 | 7/29 | 8/5 | Total |
| **REVOLVER** | | | | | | | | | | | | |
| **Book Revolver** | | | | | | | | | | | | |
| Pre-Petition Beginning Balance | $5,614 | $4,255 | $3,252 | $1,343 | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | |
| (+) Additions | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | |
| (-) Repayments | (1,359) | (1,003) | (1,909) | (1,343) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | |
| Pre-Petition Ending Balance | 4,255 | 3,252 | 1,343 | (0) | (0) | (0) | (0) | (0) | (0) | (0) | (0) | |
| | | | | | | | | | | | | |
| Post-Petition Beginning Balance | $0 | $1,061 | $2,446 | $3,321 | $1,824 | $1,955 | ($53) | ($56) | ($138) | ($307) | ($184) | |
| (+) Additions | 1,061 | 1,384 | 876 | 764 | 622 | 1,175 | 571 | 524 | 343 | 624 | 724 | |
| (-) Repayments | 0 | 0 | 0 | (2,261) | (491) | (3,183) | (574) | (607) | (511) | (501) | (565) | |
| Post-Petition Ending Balance | 1,061 | 2,446 | 3,321 | 1,824 | 1,955 | (53) | (56) | (138) | (307) | (184) | (26) | |
| | | | | | | | | | | | | |
| **BORROWING BASE** | | | | | | | | | | | | |
| **A/R** | | | | | | | | | | | | |
| Beginning Balance | $11,094 | $10,363 | $9,814 | $8,361 | $5,169 | $5,381 | $2,475 | $2,227 | $1,916 | $2,452 | $2,255 | |
| (+) Sales | 628 | 454 | 456 | 411 | 703 | 277 | 326 | 295 | 1,047 | 305 | 1,247 | |
| (-) Receipts | (1,359) | (1,003) | (1,909) | (3,604) | (491) | (3,183) | (574) | (607) | (511) | (501) | (565) | |
| (-) Adjustments | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | |
| Ending Balance | 10,363 | 9,814 | 8,361 | 5,169 | 5,381 | 2,475 | 2,227 | 1,916 | 2,452 | 2,255 | 2,936 | |
| (-) Ineligibles | (500) | (500) | (500) | (500) | (500) | (500) | (500) | (400) | (400) | (400) | (400) | |
| Eligible Balance | 9,863 | 9,314 | 7,861 | 4,669 | 4,881 | 1,975 | 1,727 | 1,516 | 2,052 | 1,855 | 2,536 | |
| Advance Rate | 80% | 80% | 80% | 80% | 80% | 80% | 80% | 80% | 80% | 80% | 80% | |
| A/R Availability | 7,890 | 7,451 | 6,289 | 3,735 | 3,904 | 1,580 | 1,382 | 1,213 | 1,641 | 1,484 | 2,029 | |
| | | | | | | | | | | | | |
| **Inventory** | | | | | | | | | | | | |
| Beginning Balance | 5,413 | 5,413 | 5,413 | 5,413 | 4,613 | 4,613 | 4,613 | 4,613 | 4,613 | 4,613 | 4,613 | |
| (+/-) Adjustments | 0 | 0 | 0 | (800) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | |
| Ending Balance | 5,413 | 5,413 | 5,413 | 4,613 | 4,613 | 4,613 | 4,613 | 4,613 | 4,613 | 4,613 | 4,613 | |
| (-) Ineligibles | (576) | (576) | (576) | (576) | (576) | (576) | (576) | (576) | (576) | (576) | (576) | |
| Eligible Balance | 4,837 | 4,837 | 4,837 | 4,037 | 4,037 | 4,037 | 4,037 | 4,037 | 4,037 | 4,037 | 4,037 | |
| Advance Rate | 50% | 50% | 50% | 50% | 50% | 50% | 50% | 50% | 50% | 50% | 50% | |
| Inventory Availability | 2,418 | 2,418 | 2,418 | 2,018 | 2,018 | 2,018 | 2,018 | 2,018 | 2,018 | 2,018 | 2,018 | |
| | | | | | | | | | | | | |
| **Real Estate Tax Reserve** | | | | | | | | | | | | |
| Beginning Balance | 226 | 226 | 243 | 243 | 243 | 243 | 261 | 261 | 261 | 261 | 261 | |
| (+) Additions | 0 | 17 | 0 | 0 | 0 | 17 | 0 | 0 | 0 | 0 | 17 | |
| (-) Subtractions | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | |
| Ending Balance | 226 | 243 | 243 | 243 | 243 | 261 | 261 | 261 | 261 | 261 | 278 | |
| | | | | | | | | | | | | |
| **Payroll Reserve** | | | | | | | | | | | | |
| Beginning Balance | 0 | 197 | 0 | 197 | 0 | 197 | 0 | 197 | 0 | 197 | 0 | |
| (+) Additions | 197 | 169 | 197 | 169 | 197 | 169 | 197 | 169 | 197 | 169 | 197 | |
| (-) Subtractions | 0 | (366) | 0 | (366) | 0 | (366) | 0 | (366) | 0 | (366) | 0 | |
| Ending Balance | 197 | 0 | 197 | 0 | 197 | 0 | 197 | 0 | 197 | 0 | 197 | |
| | | | | | | | | | | | | |
| **Merchant Card Reserve** | | | | | | | | | | | | |
| Beginning Balance | 66 | 66 | 66 | 66 | 66 | 66 | 66 | 66 | 66 | 66 | 66 | |
| (+) Additions | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | |
| (-) Subtractions | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | |
| Ending Balance | 66 | 66 | 66 | 66 | 66 | 66 | 66 | 66 | 66 | 66 | 66 | |