```
Stephen D. Finestone (125675)
John F. Sullivan (175236)
LAW OFFICES OF STEPHEN D. FINESTONE
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Telephone: (415) 421-2624
Facsimile:  (415) 398-2820
Email: sfinestone@pobox.com

Counsel for Debtor and Debtor in Possession
Nurserymen's Exchange, Inc.
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NURSERYMEN'S EXCHANGE, INC.<br><br>    Debtor and Debtor in Possession | Case No. 11-31985<br><br>Chapter 11<br><br>**MOTION FOR ORDER APPROVING THE SALE OF REAL PROPERTY TO RL COMMUNITIES, INC. OR TO THE HIGHEST BIDDER FREE AND CLEAR OF THE LIENS OF WELLS FARGO BANK**<br><br>**Date:** July 22, 2011<br>**Time:** 10:00 a.m.<br>**Place:** 235 Pine Street, Courtroom 22<br>        San Francisco, CA |

TO THE U.S. TRUSTEE, ALL CREDITORS AND OTHER PARTIES IN INTEREST

    Nurserymen's Exchange, Inc. ("NEI" or the "Debtor"), debtor and debtor-in-possession in the above-captioned case, hereby moves this Court for entry of an Order Approving the Sale of Real Property located in Half Moon Bay, California (the "Property"), which is further described below.

    The Property will be sold to RL Communities, Inc. for $8.0 million or to the highest qualified bidder.  As further discussed below any party wishing to make an overbid may do so pursuant to the terms set forth.

MOTION RE SALE OF PUD                                      1

This motion is based upon the Notice of Motion and Motion and the Declaration of Justin Dautoff, Richard Lafferty and upon such other oral and documentary evidence as may be presented prior to or at the hearing on the Motion.

## BACKGROUND/PROCEDURAL STATUS

Debtor filed this case on May 23, 2011 and is operating as a Debtor in Possession pursuant to Bankruptcy Code sections 1107 and 1108. An Official Committee of Unsecured Creditors (the "Committee") has been appointed and is represented by counsel.

Debtor owns real property located in Half Moon Bay, California. The real property is separated into three components: the property used in the operation of Debtor's business; the land zoned for development (the "PUD Land"); and acres zoned for open space (the "Open Space Land"). The PUD Land consists of approximately 28.15 acres and the Open Space Land of another 407.934 acres. As the PUD Land and the Open Space Land are not necessary to the operation of Debtor's business, Debtor listed those properties for sale with The Scheel Dallape, Inc. dba The Hoffman Company ("Broker"). The Broker has been marketing the PUD Land and Open Space Land since the fall of 2010. While both properties are on the market, there has been greater interest by far in the PUD Land.

Prior to filing its bankruptcy, Debtor received six offers for the PUD Land. After negotiations with the offerors with respect to their offers, the best of these offers came from RL Communities, Inc. ("RLC"). RLC offered to purchase the PUD Land for $8 million subject to certain contingencies. Debtor now seeks Bankruptcy Court approval of its sale of the PUD Land to RLC.

The PUD Land is encumbered by a deed of trust in favor of Wells Fargo Bank ("Wells Fargo"). The deed secures repayment of indebtedness to Wells Fargo of approximately $15 million, but Debtor understands that Wells Fargo consents to the sale and will apply the net sale proceeds to the outstanding balance due.

## Bidding Procedures:

With respect to the sale, the following bidding procedures apply:

- The minimum overbid must be at least $250,000 greater than the RLC offer. In the event that RLC is not the winning bidder, it will receive $150,000 of the overbid amount;

- Any party wishing to make an overbid must make an initial deposit of $400,000, which deposit will be non-refundable unless the overbidder is not the winning bidder;

- If an initial overbid is received, then any bids over the initial overbid must be in minimum increments of $100,000;

- Any party wishing to submit an overbid must conduct and complete their due diligence with respect to the subject Property on or before submission of an overbid. Any overbid must be received no later than three days prior to the hearing on the motion to approve the sale and should be accompanied by a signed Purchase and Sale Agreement ("PSA") identical to or on substantially similar terms as the PSA signed by RLC and attached to the declaration accompanying this Motion; except that the obligations to consummate the sale under such PSA shall not be subject to any material contingencies, including without limitation, the approval rights contained in Section 4.4 of the PSA signed by RLC;

- A bid must be accompanied by satisfactory proof of the proposed buyer's ability to close the sale transaction;

- If there is an overbid submitted, an auction of the PUD Land will be held in Court at the date and time set forth in the accompanying notice.

Any Initial Overbid must be in writing and addressed to the following:

<u>Debtor's counsel:</u>
Stephen D. Finestone
456 Montgomery St,, 20th Floor
San Francisco, CA 94104
Email: sfinestone@pobox.com

<u>U.S. Trustee</u>

Office of the U.S. Trustee
235 Pine St, Suite 700
San Francisco, CA 94104
Email: minnie.loo@usdoj.gov

<u>Committee counsel:</u>

Peter J. Gurfein
Landau Gottfried & Berger LLP
1801 Century Park East, Suite 1460
Los Angeles, CA 90067
Email: pgurfein@lgbfirm.com

In the event there are competing bidders, Debtor, in consultation with the Committee, shall have the discretion to select the bid it determines is the best bid. Debtor shall ask the Court to confirm the winning bidder and a backup bidder, the latter which shall be the bidder submitting the second best offer. If the winning bidder is not able to close the sale transaction pursuant to the PSA, Debtor shall be entitled to close the sale transaction with the backup bidder without necessity of further Court order. The backup bidder will agree to close the sale pursuant to its bid if the winning bidder does not close.

### Sale Free and Clear of Liens

By this Motion, Debtor seeks an order approving the sale free and clear of the liens of Wells Fargo and of all claims and interests, with all such liens, claims and interests attaching to the proceeds of sale.

### Buyer to Receive Section 363(m) Protection

The Motion also seeks a determination that the proposed buyer is a good faith purchaser and entitled to the protections provided by Bankruptcy Code section 363(m). As set forth in the declaration of Richard Lafferty, RLC qualifies as a good faith purchaser. *See e.g. T.C. Investors v. Joseph (In re M Capital Corp*, 290 B.R. 743, 748-749 (9th Cir. BAP 2003). Assuming an overbidder also qualifies as a good faith purchaser, Debtor will work with said bidder to provide an appropriate declaration in order to allow such purchaser to also obtain the protections of section 363(m).

### Authorization to Pay Commissions and Closing Costs

The PSA provides that commissions are due as provided in the separate listing agreement between Debtor and its broker (see paragraph 8.4). Pursuant to the listing agreement between Debtor and Broker, the Broker shall be paid a 2% commission from the sale proceeds through escrow. The PSA also contains provisions controlling which closing costs are paid by Debtor and which are the responsibility of RCL (or any overbidder). Debtor seeks authority to pay the commissions to Broker and to pay the closing costs pursuant to the terms of the PSA.

### Legal Argument

Bankruptcy Code section 363 provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." Bankruptcy Code § 363(b). To approve the use, sale or lease of property outside of the ordinary course of business, the Debtor must

show four requirements: "(1) that a sound business reason exists for the sale; (2) there has been adequate and reasonable notice to interested parties, including full disclosure of the sale terms and the Debtor's relationship with the buyer; (3) that the sale price is fair and reasonable; and (4) that the proposed buyer is proceeding in good faith." *In re Medical Software Solutions*, 286 B.R. 431 (Bankr. D. Utah 2002). In general, bankruptcy courts often defer to a debtor's business judgment regarding the sale of estate assets, unless such decision is arbitrary and capricious. Courts generally will not second-guess a debtor's business decisions when those decisions involve "a business judgment made in good faith, upon a reasonable basis, and within the scope of his authority under the Code." See In re Curlew Valley Assocs., 14 B.R. 506, 511-514 (Bankr. D. Utah 1981). *See also, Committee of Equity Sec. Holders v. Lionel Corp (In re Lionel Corp)*, 722 F.2d 1063, 1070 (2nd Cir. 1983)

Debtor submits that the sale to RLC, or any qualified overbidder, at the terms set forth in the PSA, is a fair sale price and well within the exercise of Debtor's reasonable business judgment. The Broker has been marketing the PUD Land since the fall of 2010. While Debtor received several offers, the RLC offer was the best offer among those received. The PSA was negotiated between Debtor and RLC at arms' length.

Debtor is authorized to complete the sale pursuant to Bankruptcy Code section 363(f), which provides, the Debtor may sell property free and clear of any lien, claim, or interest in such property, if, among other things:

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Satisfaction of any one of the five requirements will be sufficient to permit the sale of the PUD Land free and clear of liens, claims, encumbrances, pledges, mortgages, security interests, charges, options, and other interests (collectively, the "Interests"). The Debtor believes that there is one valid lien

MOTION RE SALE OF PUD 5

Case: 11-31985    Doc# 119    Filed: 06/22/11    Entered: 06/22/11 19:23:02    Page 5 of 6

on the PUD Land in favor of Wells Fargo. Debtor is further informed that Wells Fargo consents to the sale.

Debtor also seeks waiver of the 14 day stay provided for in Bankruptcy Rule 6004(h), which provides that an "order authorizing the use, sale, or lease of property ... is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Debtor requests that the order approving the sale be effective immediately by providing that the 14 day stay under Bankruptcy Rule 6004(h) is waived. The stay should be eliminated to allow the sale to close immediately "where there has been no objection to the procedures." 10 Collier on Bankruptcy 15th Ed. Rev ¶6064.09. Here, the PSA requires Debtor to seek the immediate effectiveness of the sale order and there is no reason why the stay should not be lifted in this instance.

## Conclusion

Based on the above, Debtor requests that the Court approve the sale to RLC, or such qualified overbidder that may bid to purchase the PUD Land. Debtor further requests that the Court make a finding that the buyer is a good faith purchaser and entitled to the protections of Bankruptcy Code section 363(m); that it waive the stay provided for in Bankruptcy Rule 6004(h); and authorize payment of broker's commissions and contractually agreed to closing costs.

Dated: June 22, 2011          LAW OFFICES OF STEPHEN D. FINESTONE


　　　　　　　　　　　　　　　　/s/ Stephen D. Finestone
　　　　　　　　　　　　　　　　Stephen D. Finestone
　　　　　　　　　　　　　　　　Attorneys for Debtor and Debtor in Possession