LANDAU GOTTFRIED & BERGER LLP
PETER J. GURFEIN (State Bar No. 127173)
PETER M. BRANSTEN (State Bar No. 113352)
MONICA RIEDER (State Bar No. 263250)
One Bush Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 956-1630
Facsimile: (415) 399-9480
pgurfein@lgbfirm.com
pbransten@lgbfirm.com
mrieder@lgbfirm.com

Proposed Counsel for the Official Committee of Unsecured Creditors of
Nurserymen's Exchange, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NURSERYMEN'S EXCHANGE, INC.<br><br>       Debtor and Debtor in Possession. | Case No. 11-bk-31985-DM<br><br>Chapter 11<br><br>**Date:** June 30, 2011<br>**Time:** 10:30 a.m.<br>**Place:** 235 Pine Street<br>       Courtroom 22<br>       San Francisco, California |

**OPPOSITION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY CERTAIN PRE-PETITION COMMON CARRIER CHARGES**

The Official Committee of Unsecured Creditors (the "Committee") of Nurserymen's Exchange, Inc. (the "Debtor") hereby opposes the Debtor's *Motion for Order Authorizing Debtor to Pay Certain Pre-Petition Common Carrier Charges* (the "Motion"). The Committee initially questions whether the discriminatory payment of certain pre-petition claims on the basis of "necessity" can ever be authorized in the Ninth Circuit. Even if such payments can be authorized, however, the Debtor has failed to carry its burden of showing that the services of the favored creditors are truly necessary to the Debtor's operations, that the favored creditors will cease providing services absent payment of their pre-petition claims, and that disfavored creditors will

do at least as well in an operating sale or reorganization as in a liquidation. Accordingly, the Motion must be denied.

### A. Ninth Circuit Law May Prohibit the Requested Payments

As noted, the Committee questions whether the selective payment of pre-petition claims can ever be authorized in the Ninth Circuit. Requests for authorization to make such payments are often premised on the "necessity of payment" doctrine, cited by the Debtor in the Motion. However, in *In re B & W Enterprises, Inc.*, 713 F.2d 534, 537 (9th Cir. 1983), the Ninth Circuit specifically declined to extend the necessity of payment doctrine beyond the railroad reorganization cases in which it was originally developed. Therefore, the necessity of payment doctrine does not apply in this nursery Chapter 11 case. *See also In re Northern Routes Transportation, Inc.*, 2005 Bankr. LEXIS 3083 at *4-*5 (Bankr. D. Mont. 2005) (following *B & W* in establishing a "bright-line" rule against selective payment of pre-petition claims held by critical vendors). The *B & W* court did not examine all of the Bankruptcy Code sections that have subsequently been used to authorize critical vendor payments. However, the holding in *B & W* that courts lack authority to tamper with the Bankruptcy Code's priority scheme suggests that the discriminatory payment of certain pre-petition claims is at least disfavored in the Ninth Circuit. *B & W*, 713 F.2d at 537 ("What appellants seek is not subordination of a certain claim, but rather elevation of their claims over those of other creditors of the same class, the class of unsecured creditors. This is not a power given the courts by the 1978 Act. . . . Section 507 establishes the priorities of creditors intended by Congress; and section 1123 requires that a chapter 11 plan must 'provide the same treatment for each claim or interest of a particular class.' . . . There is no indication that Congress intended the courts to fashion their own rules of super-priorities within any given priority class."); *see also USM Workers' Committee v. Decker (In re USM Technology Corp.)*, 158 B.R. 821 827 n.9 (Bankr. N.D. Cal. 1993) (citing *B & W* for the principle that "the court does not have the power to alter the priority scheme set forth in the Bankruptcy Code"). Accordingly, there may simply be no basis in the Ninth Circuit for authorizing the discriminatory payments requested by the Debtor in the Motion.

/ / /

### B. Even if the Court Can Authorize Critical Vendor Payments, the Debtor Has Not Carried Its Evidentiary Burden

Even if the Court has the theoretical ability to authorize critical vendor payments, the Motion must be denied, because the Debtor has failed to carry its evidentiary burden. Courts impose a heavy evidentiary burden on the debtor to show that critical vendor payments are necessary. *See In re Berry Good, LLC*, 400 B.R. 741, 746-47 (Bankr. D. Ariz. 2008) (noting that, apart from cases like *B & W* that appear simply to forbid critical vendor payments, "[e]ven those courts that would allow such payments, under § 105(a), or under other code sections, such as a § 363 use of estate funds outside the ordinary course, demand a stringent evidentiary test"). First, the debtor must demonstrate that the vendor (or, in this case, service provider) is critical to the debtor's reorganization or continued operation. *Id.*; *see also In re CoServ, LLC*, 273 B.R. 487, 498 (Bankr. N.D. Tex. 2002) ("[The] debtor must show that, for one reason or another, dealing with the claimant is virtually indispensable to profitable operations or preservation of the estate.") Second, the debtor must show that the creditor to be favored will cease to provide services absent payment of its pre-petition claim. *In re Kmart Corporation*, 359 F.3d 866, 873 (7th Cir. 2004). As the Seventh Circuit noted in *Kmart*, vendors or service providers will often have an independent economic incentive to continue working with the debtor, so long as the debtor makes timely payments for post-petition goods and services. *Id.* The discriminatory payment of pre-petition claims cannot be justified if the debtor can obtain the same result through another means. *CoServ*, 273 B.R. at 499 (noting that there will often be practical alternatives available to assuage a claimant's concerns and requiring the debtor to demonstrate that "[t]here is no practical or legal alternative to payment of the claim"); *Kmart*, 359 F.3d at 873 ("If vendors will deliver against a promise of current payment, then a reorganization can be achieved, and all unsecured creditors will obtain its benefit, without preferring any of the unsecured creditors."). Finally, in the *Kmart* case, the Seventh Circuit found that "it is necessary to show . . . that the disfavored creditors *will* be as well off with reorganization as with liquidation." 359 F.3d at 873. Because selective payments necessarily injure the rights of other unsecured creditors, there must be evidence that the unsecured creditors' recovery under a reorganization (or here, operating sale), minus the

critical vendor payments, will be at least as good as the unsecured creditors' recovery under a liquidation. The debtor must establish each of these three elements before critical vendor payments can ever be authorized.

In the present case, even with the *Supplemental Declaration of Justin Dautoff in Support of Motion for Order Authorizing Debtor to Pay Certain Pre-Petition Common Carrier Charges* (the "Declaration"), the Debtor has failed to carry its evidentiary burden. First, the requested payment to Jessup Transportation, Inc. ("Jessup"), cannot be authorized, because the Debtor has provided no information at all regarding the services provided by Jessup, the necessity of ongoing services, or whether Jessup will continue to provide services absent payment of its pre-petition claim. Though more information is provided with respect to the requested payment to Shippers Choice Transportation Services, Inc. ("Shippers Choice"), the Declaration still does not satisfy the evidentiary requirements. While the Declaration states that the Debtor benefits significantly from Shippers Choice's services, it probably does not establish that Shippers Choice is "virtually indispensable" to the Debtor's operations. The more significant problem, however, is that the Declaration does not say that Shippers Choice will stop providing post-petition services if it does not receive payment of its pre-petition claim. Instead, it says only that Shippers Choice will *continue* providing services if it *does* receive payment on its pre-petition claim. *See* Declaration, ¶ 9 ("Shippers Choice has advised me that if it receives the payment requested in the Motion, it will continue to provide Debtor with the same service as it did prior to the bankruptcy, and will continue to provide Debtor with reasonable payment terms. If Shippers Choice decides that it cannot continue to work with Debtor, such a decision would put Debtor at a distinct disadvantage."). Unless the Debtor can show that there is no "practical or legal" way to secure the continued services of Shippers Choice other than payment of the pre-petition claim, the payment cannot be authorized. Finally, the Debtor has made no attempt to show that unsecured creditors will fare at least as well under a reorganization or operating sale scenario as under a liquidation. From the point of view of the unsecured creditors, discriminatory payments should only be made if they are necessary to the Debtor's continued operation <u>and</u> if that continued operation will benefit unsecured creditors in an amount greater than the amount to be spent on the

discriminatory payments. The Debtor simply has not shown that.

## **CONCLUSION**

For the reasons stated above, the Committee respectfully requests that the Court deny the Motion.

Dated: June 27, 2011  LANDAU GOTTFRIED & BERGER LLP

By: /s/ Monica Rieder
    Monica Rieder
    Proposed Counsel for the Official Committee of
    Unsecured Creditors of Nurserymen's Exchange,
    Inc.

| | |
|---|---|
| 1 | LANDAU GOTTFRIED & BERGER LLP |
| | PETER J. GURFEIN (State Bar No. 127173) |
| 2 | PETER M. BRANSTEN (State Bar No. 113352) |
| | MONICA R. RIEDER (State Bar No. 263250) |
| 3 | 1801 Century Park East, Suite 1460 |
| | Los Angeles, California 90067 |
| 4 | Telephone: (310) 557-0050 |
| | Facsimile: (310) 557-0056 |
| 5 | pgurfein@lgbfirm.com |
| | pbransten@lgbfirm.com |
| 6 | mrieder@lgbfirm.com |

Proposed Counsel for the Official Committee of Unsecured Creditors of Nurserymen's Exchange, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No. 11-bk-31985 |
| | ) | |
| NURSERYMEN'S EXCHANGE, INC. | ) | Chapter 11 |
| | ) | |
| Debtor and Debtor in Possession. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| | ) | **Date:** June 30, 2011 |
| | ) | **Time:** 10:30 a.m. |
| | ) | **Place:** 235 Pine Street |
| | ) | Courtroom 22 |
| _____ | ) | San Francisco, California |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1 Bush Street, Suite 600, San Francisco, California 94104. On June 27, 2011, I served the within document:

**OPPOSITION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION FOR ORDER AUTHORIZING DEBTOR TO PAY CERTAIN PRE-PETITION COMMON CARRIER CHARGES**

in the following manners:

☐     **BY FACSIMILE** based upon court order or an agreement of the parties to accept service by facsimile, by transmitting via facsimile number (415) 399-9480 the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. No error

was reported by the fax machine utilized. *[A copy of the transmission confirmation report to be provided upon request and/or is attached hereto.]*

☒ **BY U.S. MAIL** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

Law Offices of Stephen D. Finestone
456 Montgomery St # 20
San Francisco, CA 94104

☐ **BY OVERNIGHT DELIVERY** by placing the document(s) listed above in a sealed overnight envelope and depositing it for overnight delivery at San Francisco, California, addressed as set forth below. I am readily familiar with the practice of this firm for collection and processing of correspondence for processing by overnight mail. Pursuant to this practice, correspondence would be deposited in the overnight box located 1 Bush Street, Suite 600, San Francisco, California 94104 in the ordinary course of business on the date of this declaration.

☒ **BY PERSONAL SERVICE** by personally delivering the document(s) listed above to the person(s) at the address(es) listed below:

Honorable Dennis Montali
United States Bankruptcy Court
San Francisco Division
235 Pine Street, 19th Floor
San Francisco, CA 94104

Office of the United States Trustee
San Francisco Division
235 Pine Street, Suite 700
San Francisco, CA 94104

☐ **BY MESSENGER SERVICE** by providing the above listed document(s) addressed to the person(s) at the address(es) listed below to a professional messenger service for personal service. *[A declaration by the messenger service to be provided upon request and/or separately filed.]*

☒ **BY ELECTRONIC SERVICE** based upon court order or an agreement of the parties to accept service by electronic transmission, by electronically mailing the document(s) listed above to the e-mail address(es) set forth below, or as stated on the attached service list and/or by electronically notifying the parties set forth below that the document(s) listed above can be located and downloaded from the hyperlink provided. No error was

LANDAU GOTTFRIED
& BERGER LLP

2

| | |
|---|---|
| 1 | received, within a reasonable time after the transmission, nor any electronic message or other indication that the transmission was unsuccessful. |
| 2 | |
| 3 | By E-Mail: |
| | Stephen D. Finestone; sfinestone@pobox.com |
| 4 | John Sullivan; jfssf@hotmail.com |
| 5 | ☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING** by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List. |
| 6 | |
| 7 | |
| 8 | |
| 9 | • T. Hall Brehme    crios@purdybrehme.com |
| | • Stephen D. Finestone    sfinestone@pobox.com |
| 10 | • Philip J. Giacinti    pjg@procopio.com, caw@procopio.com |
| | • Robert E. Izmirian    rizmirian@buchalter.com |
| 11 | • Ivan C. Jen    ivan@icjenlaw.com |
| | • Brian Y. Lee    blee@pivotpointlaw.com |
| 12 | • Minnie Loo    minnie.loo@usdoj.gov |
| 13 | • Frank F. McGinn    ffm@bostonbusinesslaw.com |
| | • Office of the U.S. Trustee / SF    USTPRegion17.SF.ECF@usdoj.gov, ltroxas@hotmail.com |
| 14 | • Monica R. Rieder    mrieder@lgbfirm.com, kmoss@lgbfirm.com |
| 15 | • Julie H. Rome-Banks    julie@bindermalter.com |
| | • Pamela Kohlman Webster    pwebster@buchalter.com, ifs_filing@buchalter.com |
| 16 | |
| 17 | |
| 18 | I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on June 27, 2011. |
| 19 | |
| | By: __/s/Charlotte Hebert_____ |
| 20 |     Charlotte Hebert |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

LANDAU GOTTFRIED & BERGER LLP

3