Stephen D. Finestone (125675)
John F. Sullivan (175236)
LAW OFFICES OF STEPHEN D. FINESTONE
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Telephone: (415) 421-2624
Facsimile:  (415) 398-2820
Email: sfinestone@pobox.com

Counsel for Debtor and Debtor in Possession
Nurserymen's Exchange, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                              ) Case No. 11-31985
                                                   )
NURSERYMEN'S EXCHANGE, INC.                        ) Chapter 11
                                                   )
    Debtor and Debtor in Possession                ) **Date:** June 30, 2011
                                                   ) **Time:** 10:30 a.m.
                                                   ) **Place:** 235 Pine Street, Courtroom 22
                                                   )        San Francisco, CA
_____)

**STATUS REPORT FOR HEARINGS
ON CALENDAR FOR JUNE 30, 2011**

Debtor and Debtor in Possession, Nurserymen's Exchange, Inc. ("Debtor") provides the following status report for the matters set before this Court on June 30, 2011, at 10:30 a.m.

**1)** **Employment Application of Abernathy MacGregor Group:** Debtor applied for the employment of the Abernathy MacGregor Group as its communications consultant. The Official Committee of Unsecured Creditors (the "Committee") objected to the employment and the Court issued a tentative ruling to deny the application. Debtor hereby withdraws the application.

**2)** **The Common Carrier Motion:** This matter is a continued matter. The Court issued a tentative ruling to deny the motion and required Debtor to provide additional information. Debtor filed a supplemental declaration directed at the Court's concerns. Debtor and the Committee worked to reach a resolution of this issue. Debtor recently filed a stipulation between the Debtor and the Committee

STATUS REPORT 6-30                                    1

regarding this motion.  The stipulation provides that, subject to Court approval, Debtor may pay Shipper's Choice $150,000 (rather than the $250,000 sought initially) and may pay Jessup $50,000. Debtor requests that the motion be granted as modified by the stipulation.

**3) The DIP Financing Motion:** This matter is on for final hearing.  Debtor and the lender, Wells Fargo Bank ("Wells Fargo"), are working through the terms of a proposed final order.  There has been no objection to a final order.  The Committee has indicated that it believes the final order should provide that the DIP loan balance will not exceed $3.5 million through the August 5, 2011 termination date of the loan, rather than the $5 million initially requested. Debtor is trying to comply with the Committee's request without handicapping its ability to conduct business and hopes to submit a proposed form of order to which Wells Fargo and the Committee have consented.

**4) Employment Application of FocalPoint Securities ("FocalPoint"):** The Committee objected to two provisions in the retention agreement with FocalPoint.  Both provisions involved triggering of FocalPoint's fees. One provision provides that FocalPoint will earn a fee (albeit a reduced one) if Wells Fargo credit bids at the sale of the operating assets (see Retention Agreement at paragraph 2(b).  The second provision to which the Committee objected, provides that FocalPoint earns a fee if there is a confirmed plan of reorganization (see paragraph 2(c)).  The Committee objects that this provision provides FocalPoint with a fee even if the Debtor is not the plan proponent.  The Court issued a tentative ruling noting that, aside from the Committee's objections, it would not approve an employment agreement that provided FocalPoint indemnification (paragraph 6).

With respect to the indemnification provision, Debtor is at fault for not clarifying with the Court that it had negotiated with FocalPoint pre-petition that the indemnification provision would not apply if FocalPoint were to seek to be employed by the estate. The order approving the appointment will reflect that the indemnification provision does not apply.  With respect to the fee provisions, Debtor contends the Committee's objections should be overruled.  First, Debtor believes these provisions are standard in the industry. Second, if either event occurs (i.e. a credit bid by Wells Fargo or a confirmed plan for which Debtor is not the proponent) the triggering event will have happened. If there is a credit bid, the secured debt will be reduced and the unsecured creditors put in a better position for recovery.  If there is a competing plan confirmed (if the case goes by way of plan due to inadequate offers for the operating

Case: 11-31985    Doc# 141    Filed: 06/29/11    Entered: 06/29/11 17:22:33    Page 2 of 4

assets), presumably it will be in response to Debtor's plan and FocalPoint will have driven the value in Debtor's plan. Morever, FocalPoint has been instrumental in evaluating all the Debtors options and regardless of the proponent, FocalPoint will have added significant value to the process through its efforts.

**5) Motion to Approve Key Employee Incentive Plan ("KEIP"):** Debtor provided the Committee and the U.S. Trustee ("UST") with a more detailed plan setting forth the names of job titles of the proposed plan participants. Debtor received objections to the KEIP motion from the Committee and the UST. Debtor and the Committee have spent considerable time attempting to reach a consensus on the form of the KEIP. Debtor is still hopeful it will have an agreement prior to the hearing. The Court issued a tentative ruling to grant the motion. The tentative ruling, however, noted that no opposition had been filed. Debtor had informally agreed with the Committee and the UST to extend the time to oppose the motion to Monday June 27, 2011, as Debtor and the Committee continued to meet and confer on the matter.

Debtor will file a separate reply to the UST's objection. Debtor notes for purposes of this Status Report, that the UST objection claims that the KEIP is a retention plan rather than an incentive plan, citing *In re Dana Corp* 351 B.R. 96 (Bankr S.D.N.Y. 2006). The plan in the cited case was, however, completely different than the KEIP Debtor proposes. The plan in *In re Dana* was not tied to performance or creditor recovery. Here, however, the incentives are directly driven by anticipated recoveries to the unsecured creditors. The UST also objects on the basis that the proposed plan is not justified under the circumstances. Leaving aside whether the standard of "justified under the facts and circumstances" is different from the business judgment standard, the UST fails to explain how or why the proposed plan is not justified under the facts and circumstances of the case. Debtor's motion, particularly the Declaration of Justin Dautoff, explains the importance of the key employees, the departments of Debtor's business they work in, the additional tasks they are handling because of the bankruptcy, the attrition Debtor is beginning to experience and the ripple effect and damage to the business that will likely occur if the key people do not receive incentives. The UST does not explain why this showing is insufficient or what additional information the UST believes is necessary.

Accordingly, Debtor requests the Court overrule the objections and approve the KEIP.

Case: 11-31985    Doc# 141    Filed: 06/29/11    Entered: 06/29/11 17:22:33    Page 3 of 4

| | | |
|---|---|---|
| Dated: June 1, 2011 | | LAW OFFICES OF STEPHEN D. FINESTONE |

/s/ Stephen D. Finestone
Stephen D. Finestone
Attorneys for Debtor