

1  Stephen D. Finestone (125676)
   John F. Sullivan (175236)
2  LAW OFFICES OF STEPHEN D. FINESTONE   Signed and Filed: June 30, 2011
   456 Montgomery Street, 20th Floor
3  San Francisco, CA  94104
   Telephone: (415) 421-2624
4  Facsimile: (415) 398-2820              _____
   Email:  sfinestone@pobox.com           **DENNIS MONTALI**
5                                         **U.S. Bankruptcy Judge**

   Proposed Counsel for Debtor and Debtor ~~in Possession~~
6  Nurserymen's Exchange, Inc.

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11 | In re                                    | Case No. 11-31985
12 | NURSERYMEN'S EXCHANGE, INC.,             | Chapter:  11
13 |     Debtor and Debtor in Possession.     | **Date**:  June 30, 2011
                                                **Time**:  10:30 a.m.
14                                              **Place**: 235 Pine Street, Courtroom 22
                                                           San Francisco, CA
15

16 **FINAL ORDER GRANTING MOTION OF DEBTOR AND DEBTOR IN
   POSSESSION FOR ORDER AUTHORIZING (A) SECURED POST PETITION
17 FINANCING ON A SUPER PRIORITY BASIS PURSUANT TO 11 U.S.C. § 364, (B)
   USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND (C) GRANT
18 OF ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 363 AND 364**

19        The final hearing on Debtor's motion (the "Motion") for an order seeking authorization

20        (a)     pursuant to Sections 363(c), 364(c)(1), 364(c)(2) and 364(c)(3) and 364(d) of Title

21 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 4001(c) and 9014 of the

22 Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), among other things,

23                (i)     for Debtor to obtain post petition financing in an aggregate amount not to

24 exceed $5,000,000 (the "DIP Financing") from Wells Fargo Bank, National Association

25 ("Secured Lender"), substantially on the terms and conditions set forth in this Order and that

26 certain Credit and Security Agreement, dated as of May 23, 2011, by and among Debtor and

27 Secured Lender, a copy of which was attached to the Motion (the "DIP Agreement," and together

28 with any and all related documents and agreements entered into in connection with or related to

BN 9288630v4
6/29/11

1

ORDER RE DIP FINANCING

the DIP Financing, the "DIP Loan Documents");

  (ii) for Debtor to grant the Secured Lender, pursuant to Bankruptcy Code § 364(c) and (d) security interests in all of Debtor's currently owned and after acquired property to secure Debtor's obligations under the DIP Financing; and

  (iii) for Debtor to grant the Secured Lender priority in payment with respect to such obligations over any and all administrative expenses of the kinds specified in Bankruptcy Code §§ 503(b) and 507(b);

 (b) to use the Secured Lender's cash collateral (consisting of the proceeds of the Secured Lender's pre-petition collateral) within the meaning of Bankruptcy Code § 363(a) (the "Cash Collateral"), pursuant to Bankruptcy Code § 363(c) for the purposes set forth herein; and

 (c) to provide adequate protection, pursuant to Bankruptcy Code §§ 361, 362, 363(e) and 364(d), to the Secured Lender;

was held on June 30, 2011. Appearances are as noted in the record of the hearing on the Motion.

Three preliminary hearings on the Motion having been held before this Court (the "Preliminary Hearings"), and having received the comments and consent of the Committee of Creditors' Holding Unsecured Claims (the "Committee"), and the entire record made at the Preliminary Hearings, and this Court finding good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Notice was proper under the circumstances herein.

2. The Motion is granted and Debtor is authorized to borrow under the terms of the DIP Financing Agreement pursuant to the budget (the "Budget") previously filed; provided, however, at no time shall the outstanding amount under the DIP Financing at any time exceed $3.5 million.

3. Debtor is further authorized to use the Cash Collateral to make payments to the Secured Lender on the pre-petition obligations when due pursuant to Bankruptcy Code § 363(c); provided, however, at Debtor's request, Secured Lender may also apply the Cash Collateral to any outstanding obligations under the DIP Financing. To the extent Secured Lender does so,

Secured Lender shall have a replacement lien in the DIP Collateral (as that term is defined below) and a priority claim pursuant to Bankruptcy Code §507(b) equal to the Cash Collateral so used.

4. The DIP Financing and the DIP Loan Documents shall constitute and evidence the valid and binding obligations of Debtor, which obligations shall be enforceable in accordance with the terms set forth therein and the terms of this Order.

5. Secured Lender is granted, as security for the repayment of all obligations under the DIP Loan Documents and in connection with the DIP Financing (the "DIP Facility Obligations") pursuant to §§ 364(c)(2) and 364(c)(3) and (d) of the Bankruptcy Code, valid and perfected first priority liens and security interests on all assets of Debtor and its estate, including all proceeds of the foregoing ((the "DIP Collateral," and collectively with the Pre-petition Collateral (as that term is defined in the Motion), the "Collateral")), junior only to (A) valid and perfected liens and security interests extant on the petition date that were senior to the Pre-Petition Liens; (B) the allowed and unpaid professional fees and disbursements incurred by Debtor's estate, in an aggregate amount not in excess of $400,000 (the "Carve-Out"); and (C) the payment of fees pursuant to 28 U.S.C. § 1930 (the "Postpetition Liens"). The Carve-Out is in addition to any retainers held and any other administrative claims provided for and paid pursuant to the Budget.

6. This Order constitutes sufficient and conclusive evidence of the granting, attachment, priority, perfection and validity of the Postpetition Liens, effective as of the date and time of the entry of the Order on the Motion following the first of the Preliminary Hearings (the "Interim Order"), without any further act. Notwithstanding the foregoing, the Secured Lender may, in its sole discretion, file or cause Debtor to file, such financing statements, mortgages, notices of liens, or similar documents or instruments or otherwise confirm perfection of such liens, security interests, and mortgages as the Secured Lender may require, and the automatic stay imposed by § 362 of the Bankruptcy Code shall be deemed modified for such purposes, and all such financing statements, mortgages, notices of liens, or similar documents or instruments shall be deemed to have been filed or recorded at the time and on the date of entry of the Interim Order.

7. The Secured Lender is granted a super-priority administrative expense claim (the "Super-priority Claim") pursuant to the Bankruptcy Code § 364(c)(1) for the DIP Financing, having priority over any and all other administrative claims against Debtor, now existing or hereafter arising, of any kind whatsoever, including, without limitation, all administrative expenses of the kinds specified in or arising or ordered under Bankruptcy Code §§ 105(a), 326, 328, 330, 331, 503(b), 506(c), 507, 546(c), 726, 1113, and 1114 or otherwise; provided, that the Super-priority Claim will not be senior to the Carve-Out or any amounts due pursuant to 28 U.S.C. § 1930, and may not be paid from the proceeds of any Avoiding Power Causes of Action (as that term is defined in the Motion).

8. Debtor is authorized to (A) execute and deliver to the Secured Lender any and all nonmaterial amendments to the DIP Financing, the DIP Loan Documents, and the Budget as approved in writing by the Secured Lender, Debtor and the Committee without further order of the Court, and (B) comply with its respective obligations under any such amendment or amendments.

9. Debtor shall to continue to make all required payments due under the Pre-Petition Loan Agreement on all Pre-Petition Obligations when due, including payments on the Pre-petition Secured Term Indebtedness (as the terms are defined in the Motion).

10. Except as permitted in Paragraph 3 of this Order, the proceeds of the Pre-Petition Collateral shall be applied first to repay outstanding Pre-Petition Obligations until paid in full, and thereafter to repay the DIP Facility Obligations. The proceeds of the DIP Collateral shall be applied first to repay the outstanding DIP Facility Obligations until paid in full. In the event any proceeds cannot conclusively identified by Debtor as Pre-Petition Collateral or Post-Petition Collateral, the Secured Lender shall be entitled to treat such proceeds as Pre-Petition Collateral.

11. Upon the occurrence of an Event of Default (as that term is used in the DIP Loan Documents), the Secured Lender shall be entitled to cease making advances under the DIP Loan Documents and may seek relief from the stay on an expedited basis for the purpose of obtaining authority to enforce the Post-Petition Liens, and/or to exercise any other default-related remedies under the DIP Loan Documents, this Order, or applicable law.

BN 9288630v4
6/29/11

4

ORDER RE DIP FINANCING

Case: 11-31985   Doc# 147   Filed: 06/30/11   Entered: 07/01/11 14:38:44   Page 4 of 5

12. Once the Secured Indebtedness has been satisfied in full, no costs or expense of administration incurred during the above-captioned bankruptcy case shall be charged against the Secured Lender or the Collateral pursuant to §§ 105, 506(c), 552(b) of the Bankruptcy Code, or any similar principle of law, without the prior written consent of Secured Lender, and no such consent shall be implied for any other action, inaction, or acquiescence by Secured Lender.

13. Any objection or defense to the Pre-Petition Obligations or the Secured Creditor's pre-petition security interests must be asserted not later than ninety days from the date the Committee selected counsel; to wit August 29, 2011. If no timely objection is asserted, any such objection or defense by or on behalf of the estate shall be deemed waived.

14. Debtor shall not seek authority to obtain any postpetition loans or other financial accommodations secured by the Collateral under Bankruptcy Code §364 unless the Secured Indebtedness is satisfied in full before or as a result of such new financing.

15. The provisions of this Order shall be binding upon and inure to the benefit of the Secured Lender, Debtor, the Committee, and their respective successors and assigns including, without limitation, any trustee hereinafter appointed.

16. In the event of any inconsistency between the terms and conditions of (A) the DIP Financing and the DIP Loan Documents and (B) this Order, the provisions of this Order shall govern.

17. This Court retains jurisdiction to resolve any disputes arising under or related to this Order or the DIP Financing.

** END OF ORDER **