Stephen D. Finestone (125675)
John F. Sullivan (175236)
LAW OFFICES OF STEPHEN D. FINESTONE
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Telephone: (415) 421-2624
Facsimile: (415) 398-2820
Email: sfinestone@pobox.com

Counsel for Debtor and Debtor in Possession
Nurserymen's Exchange, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>NURSERYMEN'S EXCHANGE, INC.<br><br>Debtor and Debtor in Possession | Case No. 11-31985<br><br>Chapter 11<br><br>**DEBTOR'S RESPONSE TO EMERGENCY MOTION TO VACATE HEARING DATE ON MOTION FOR ORDER APPROVING THE SALE OF DEBTOR'S OPERATING ASSETS TO THE HIGHEST AND BEST BID FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS**<br><br>**Date:** July 14, 2011<br>**Time:** 2:00 P.m.<br>**Place:** 235 Pine Street, Courtroom 22<br>San Francisco, CA<br><br>**LIEN CLAIMANTS:**<br>**Wells Fargo Bank, IBM Credit LLC, Ikon Financial Services and IOS Capital** |

Debtor responds to the Emergency Motion filed by the Official Committee of Unsecured Creditors (the "Committee") as follows:

1) Debtor does not object to continuing the hearing on the sale motion to Friday July 15, 2011 at 2:00 pm. or such other time on the same date as is convenient for the Court.

2) Debtor obtained the consent of the proposed buyer and Wells Fargo Bank to the continued date and time.

RESPONSE TO EMERGENCY MOTION

1

3) Continuing the hearing for any length of time will be damaging to the estate. Debtor's counsel is not available on Monday July 18, 2011 and the proposed buyer's counsel is not available on July 19, 2011. Debtor's ability to close the sale is also critical and every day the hearing is delayed and the sale closing pushed back, Debtor's liability to Wells Fargo increases and the potential return to creditors diminishes. This urgency was why the Committee insisted that the sale deadlines that Debtor proposed in its sale procedures motion be moved up, and Debtor agreed to the Committee's request.

4) While it is certainly fair for the Committee to have the final version of the Asset Purchase Agreement ("APA"), Debtor has kept the Committee abreast of most of the substantive negotiations over the APA and the Committee was provided with earlier versions of the document. Moreover, Debtor believes the Committee will object to the sale irrespective of any specific terms of the APA as the Committee does not think the sale price is sufficient, and believes that it may have an alternate plan rather than the sale of the operating assets. As set forth in the Declaration of Alexander Stevenson being filed on today's date, Debtor considered alternatives to the sale and spent considerable time working on possible options with the Committee. The alternatives are not sufficiently developed and lack adequate financing commitments, which is why Debtor is proceeding with the sale hearing.

Wherefore, Debtor proposes that the Court continue the matter to July 15, 2011.

Dated: July 13, 2011                    LAW OFFICES OF STEPHEN D. FINESTONE


                                        /s/ Stephen D. Finestone
                                        Stephen D. Finestone
                                        Attorneys for Debtor and Debtor in Possession


**DECLARATION OF STEPHEN D. FINESTONE**

1. I am an attorney employed by the Law Offices of Stephen D. Finestone, proposed Chapter 11 counsel for Debtor and Debtor in Possession Nurserymen's Exchange, Inc. (the "Debtor"). I have personal knowledge of the matters contained herein and could and would testify competently regarding them.

RESPONSE TO EMERGENCY MOTION

2

1    2.    I, and others on behalf of Debtor, have been in regular contact with the Committee's counsel. The Committee's counsel has received earlier drafts of the APA but has not received the latest version. Based on my conversations with Committee counsel, irrespective of the final form of the APA, I anticipate the Committee will object. The Committee does not believe that the proposed sale is at a high enough price and believes it has other alternatives which are more attractive. Debtor has not seen any of the other alternatives in writing or any written commitments to fund any such alternatives.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of July 2011 at San Francisco, California.

/s/ Stephen D. Finestone
Stephen D. Finestone

RESPONSE TO EMERGENCY MOTION

3