Stephen D. Finestone (125675)
John F. Sullivan (175236)
LAW OFFICES OF STEPHEN D. FINESTONE
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Telephone: (415) 421-2624
Facsimile:  (415) 398-2820
Email: sfinestone@pobox.com

Counsel for Debtor and Debtor in Possession
Nurserymen's Exchange, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-31985 |
| NURSERYMEN'S EXCHANGE, INC. | Chapter 11 |
| Debtor and Debtor in Possession | **Date:** August ___, 2011<br>**Time:**<br>**Place:** 235 Pine Street, Courtroom 22<br>San Francisco, CA |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR AUTHORITY TO ASSUME AND ASSIGN
UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**

Nurserymen's Exchange, Inc. ("NEI" or the "Debtor"), debtor and debtor-in-possession in the above-captioned case, submits this memorandum of points and authorities in support of its Motion for Order Regarding Debtor's Undisputed Obligations For the post petition Delivery of Goods and Services (the Motion").

**I.    THE BANKRUPTCY CASE AND THE COURT'S JURISDICTION**

In May 2011, NEI commenced the above-referenced Chapter 11 bankruptcy case (the "Bankruptcy Case") by filing a voluntary petition with this court under Chapter 11 of the Bankruptcy Code.[1]  The Debtor continues to manage and operate its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.  No trustee or examiner has been appointed in this Bankruptcy

---

[1] All references to the "Bankruptcy Code" are to Title 11 of the United States Code.

MEM P&A ISO MOT. AUTH. ASSUME & ASSIGN LEASE

1

Case. An official committee of unsecured creditors was appointed by the Office of the United States Trustee.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## II. THE SALE AND BUYER'S DESIGNATION OF THE LEASE

On July 19, 2011, the Court entered the AMENDED ORDER APPROVING THE SALE OF DEBTOR'S OPERATING ASSETS TO THE HIGHEST AND BEST BID FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS (the "Sale Approval Order"). Pursuant to the Sale Approval Order, the Court approved the sale of Debtor's operating assets from Debtor to Floramoda, Inc. ("Buyer"). Under that certain Asset Purchase Agreement entered into by and between Debtor and Buyer (the "APA"), Buyer is allowed to designate for assumption by Debtor and assignment to Buyer any unexpired leases of the Debtor. The APA further provides that the sale of the assets must close on or before August 5, 2011 (the "Closing Date").

Buyer has designated for assumption by Debtor and assignment to Buyer that certain Lease Agreement, by and between California Department of Transportation ("Cal Trans"), as lessor and NEI, as lessee, dated December 27, 2010, with respect to that certain real property located at 2135 and 2651 Cabrillo Highway, Half Moon Bay, San Mateo County, California 94019 and more particularly described as: State highway access, driveway and service roads from the two locations (as indicated on the exhibit to the Lease) on the eastern side of Cabrillo Highway across Cal Trans property to the westerly edge of their respective adjoining private properties, comprising approximately 10,850 square feet (the "Lease").

The Lease is basically the means of egress and ingress to Debtor's business operations and a place for overnight truck parking. The Lease, which expires in December 2013, requires the lessee to pay rent of $4,200 per year. The rent is paid in advance in November of each year.

///
///
///

# III. THE BANKRUPTCY CODE AUTHORIZES THE DEBTOR'S ASSUMPTION AND ASSIGNMENT OF THE LEASE, WHICH IS IN THE BEST INTERESTS OF THE ESTATE AND A REASONABLE EXERCISE OF THE DEBTOR'S BUSINESS JUDGMENT

### A. Assumption and Assignment is in the Best Interests of the Estate

Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). Courts routinely approve motions to assume contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36 (3d Cir. 1989); *In re H.M. Bowness, Inc.*, 89 B.R. 238 (Bankr. M.D. Fla. 1988) ("Ordinarily, the decision to assume or reject an executory contract is left entirely to the debtor. Upon proper motion, the court should give perfunctory approval of the decision subject only to review under the business judgment rule.").

Courts generally do not second guess a debtor's business judgment concerning the assumption of an executory contract or unexpired lease. *See In re Trans World Airlines, Inc.*, 261 B.R. 103 (Bankr. D. Del. 2001); *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043 (4th Cir. 1985); *In re Health Science Products, Inc.*, 191 B.R. 895 (Bankr. N.D. Ala. 1995) ("The issue thereby presented for determination by the bankruptcy court is whether the decision of the debtor is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice").

The Debtor believes assumption and assignment is in the best interests of the bankruptcy estate, as the Lease will be unnecessary for the ongoing operations of the Debtor after the Closing Date, the Buyer seeks assumption and assignment of the Lease, and assignment will relieve the estate of any obligations related to the Lease pursuant to section 365(k) of the Bankruptcy Code.

### B. Section 365(b) Is Inapplicable Because the Debtor is Not in Default

Section 365(b) provides that, in the event of a default, the Debtor must cure, or provide adequate assurance of its ability to cure, any default, as well as provide adequate assurance of its ability to perform in the future under the executory contract or unexpired lease. The Debtor is not currently in default under the Lease, so no cure amounts are due under the Bankruptcy Code.

### C. Buyer is Willing and Able to Perform Under the Lease

Pursuant to section 365(f)(2) of the Bankruptcy Code, a debtor-in-possession may assign an unexpired lease if the Debtor assumes the contract and "adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease."

The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction." *See Carlisle Homes, Inc. v. Arrari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J. 1989); *see also In re Natco Indus., Inc.*, 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (adequate assurance of future performance does not mean absolute assurance that debtor will thrive and pay rent).

Among other things, adequate assurance may be given demonstrating the assignee's financial health and experience in managing the type of enterprise or property assigned. *See In re Bygaph, Inc.,* 56 B.R. 596, 605-606 (Bankr. S.D.N.Y. 1986) (adequate assurance of future performance is present when prospective assignee has financial resources and expressed willingness to devote sufficient funding to business to give it a strong likelihood of succeeding).

The financial credibility, willingness, and ability of the Buyer cannot be credibly disputed, as it was, among other things, for Buyer to be considered a "Qualified Bidder" in the sale process for the sale of Debtor's operating assets. The annual rent payment due from the lessee under the Lease is $4,200, an amount that Buyer is easily capable of making.

### D. The Bankruptcy Code Overrides the Anti-Assignment Provisions

Finally, to the extent there is any anti-assignment provisions contained in the Lease, the Court should find such provisions unenforceable within the meaning of section 365(f) of the Bankruptcy Code. Section 365(f)(1) prohibits three distinct types of anti assignment provisions that are not enforceable in the context of assignments effected under section 365 of the Bankruptcy Code: (i) provisions that "prohibit" the assignment of an executory contract or unexpired lease are unenforceable; (ii) provisions that seek to "restrict" the ability of a debtor to assume and assign an unexpired lease are not given effect; and (iii) provisions that "condition" the ability of a debtor to assume and assign an executory contract or unexpired lease are unenforceable.

Section 365(f)(1), by operation of law, invalidates provisions that prohibit, restrict or condition assignment of an executory contract or unexpired lease. *See, e.g. Coleman Oil Co., Inc. v. The Circle K Corp. (In re The Circle K. Corp.)*, 127 F.3d 904, 910-911 (9th Cir. 1997). Moreover, section 365(f)(3) goes beyond the scope of section 365(f)(1) by prohibiting enforcement of any clause creating a right to modify or terminate the lease upon a proposed assignment thereof. *See In re Jamesway Corp.*, 201 B.R. 73 (Bankr. S.D.N.Y 1996).

Consequently, any anti-assignment provisions should not restrict, limit or prohibit the assumption and assignment of the Lease, and the Court should authorize the Debtor to assume the Lease and assign it to the Purchaser.

### IV. CONCLUSION

Based on the foregoing points and authorities, the Debtor respectfully requests that the Court grant relief as set forth in the form of order attached to the Motion as Exhibit A, or such other and further relief as is just and proper.

Dated: July 26, 2011          LAW OFFICES OF STEPHEN D. FINESTONE

                                          /s/ Stephen D. Finestone
                                          Stephen D. Finestone
                                          Counsel for Debtor and Debtor in Possession