Stephen D. Finestone (125675)
John F. Sullivan (175236)
LAW OFFICES OF STEPHEN D. FINESTONE
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Telephone: (415) 421-2624
Facsimile: (415) 398-2820
Email: sfinestone@pobox.com

Counsel for Debtor and Debtor in Possession
Nurserymen's Exchange, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-31985 |
| NURSERYMEN'S EXCHANGE, INC. | Chapter 11 |
| Debtor and Debtor in Possession | [NO HEARING UNLESS REQUIRED] |

**DECLARATION OF STEPHEN D. FINESTONE IN SUPPORT OF
*EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR NOTICE OF HEARING
ON MOTION FOR AUTHORITY TO ASSUME AND ASSIGN
UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**

1. I am an attorney employed by the Law Offices of Stephen D. Finestone, Chapter 11 counsel for Debtor and Debtor in Possession Nurserymen's Exchange, Inc. (the "Debtor"). I make this declaration in support of the *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR NOTICE OF HEARING ON MOTION FOR AUTHORITY TO ASSUME AND ASSIGN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY(the "Application"). I have personal knowledge of the matters contained herein and could and would testify competently regarding them.

2. In June 2011, the Court entered the ORDER (A) APPROVING SALE PROCEDURES IN CONNECTION WITH THE PROPOSED SALE OF DEBTOR'S OPERATING ASSETS AT AUCTION (B) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CERTAIN REAL PROPERTY AND PERSONAL PROPERTY LEASES AND EXECUTORY CONTRACTS IN

CONNECTION THEREWITH (C) GRANTING RELATED RELIEF (the "Sale Procedure Order"). Pursuant to the Sale Procedure Order, the Court approved the APPROVED SALE PROCEDURES GOVERNING THE PROPOSED SALE OF DEBTOR'S OPERATING ASSETS AT AUCTION; FOR THE ASSUMPTION AND ASSIGNMENT OF CERTAIN REAL PROPERTY AND PERSONAL PROPERTY LEASES AND EXECUTORY CONTRACTS IN CONNECTION THEREWITH (the "Sale Procedures"), which are attached to the Sale Procedure Order. The Sale Procedures provide that "Debtor shall file a motion to assume and assign . . . the leases and executory contracts . . . such that the hearing on said motion will occur prior to the closing of the sale of the Operating Assets." Sale Procedures at 8:8-11.

3. On July 19, 2011, the Court entered the AMENDED ORDER APPROVING THE SALE OF DEBTOR'S OPERATING ASSETS TO THE HIGHEST AND BEST BID FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS (the "Sale Approval Order"). Pursuant to the Sale Approval Order, the Court approved the sale of Debtor's operating assets from Debtor to Floramoda, Inc. ("Buyer"). Under that certain Asset Purchase Agreement entered into by and between Debtor and Buyer (the "APA"), Buyer is allowed to designate for assumption by Debtor and assignment to Buyer any unexpired leases of the Debtor. The APA further provides that the asset sale must close on or before August 5, 2011 (the "Closing Date").

4. Buyer has designated for assumption by Debtor and assignment to Buyer that certain Lease Agreement, by and between California Department of Transportation ("Cal Trans"), as lessor and NEI, as lessee, dated December 27, 2010, with respect to that certain real property located at 2315 and 2651 Cabrillo Highway, Half Moon Bay, San Mateo County, California 94019 and more particularly described as: State highway access, driveway and service roads from the two locations (as indicated on the exhibit to the Lease) on the eastern side of Cabrillo Highway across Cal Trans property to the westerly edge of their respective adjoining private properties, comprising approximately 10,850 square feet (the "Lease").

5. On July 26, 2011, the Debtor filed a motion to assume the Lease and assign it to Buyer (the "Underlying Motion"). If the Court were to require regular notice under Rule 9014-1(c)(1) of the Bankruptcy Local Rules For the Northern District of California, the hearing on the Underlying Motion

SDF DECL. ISO *EX PARTE* APP. FOR OST FOR NOT. OF
HRG. ON MOTION TO ASSUME & ASSIGN LEASE

2

1 could commence no sooner than August 23, 2011, which is 18 days after the Closing Date.

2     6.    There have been no previous time modifications related to the subject of the request whether by stipulation or Court order. The requested time modification will have no effect on the schedule for the case.

    7.    On July 26, 2011, Peter Gurfein, Esq., of Landau Gottfried & Berger LLP, counsel for the Official Committee of Unsecured Creditors, informed me that he does not object to having the Motion heard on shortened time prior to the scheduled closing date of the sale.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on July 26, 2011, at San Francisco, California.

/s/ Stephen D. Finestone
Stephen D. Finestone