Stephen D. Finestone (125675)
John F. Sullivan (175236)
LAW OFFICES OF STEPHEN D. FINESTONE
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Telephone: (415) 421-2624
Facsimile: (415) 398-2820
Email: sfinestone@pobox.com

Counsel for Debtor and Debtor in Possession
Tally One, Inc.
fka Nurserymen's Exchange, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-31985 |
| TALLY ONE, INC. | Chapter 11 |
| fka NURSERYMEN'S EXCHANGE, INC. | **Date:** TO BE DETERMINED<br>**Time:** TO BE DETERMINED |
| Debtor and Debtor in Possession | **Place:** 235 Pine Street, Courtroom 22<br>San Francisco, CA |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR AUTHORITY TO REJECT
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Tally One, Inc. ("Debtor"), debtor and debtor-in-possession in the above-captioned case, submits this memorandum of points and authorities in support of its Motion for Order Regarding Debtor's Undisputed Obligations For the post petition Delivery of Goods and Services (the Motion").

**I.    THE BANKRUPTCY CASE AND THE COURT'S JURISDICTION**

On May 23, 2011, Debtor commenced the above-referenced Chapter 11 bankruptcy case (the "Bankruptcy Case") by filing a voluntary petition with this court under Chapter 11 of the Bankruptcy Code.[1] The Debtor continues to manage and operate its business as a debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been appointed in this Bankruptcy

---
[1] All references to the "Bankruptcy Code" are to Title 11 of the United States Code.

MEM P&A ISO MOT. REJ.
EXEC. CONT. & UNEXP. LEASES            1

Case. An official committee of unsecured creditors was appointed by the Office of the United States Trustee. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## II.     THE SALE OF THE OPERATING ASSETS

On July 19, 2011, the Court approved the Amended Order Approving the Sale of Debtor's Operating Assets to the Highest and Best Bid Free and Clear of Liens, Claims, and Interests (the "Sale Approval Order"). Pursuant to the Sale Approval Order, the Court approved the sale of Debtor's operating assets to Floramoda, Inc. ("Buyer"). Under that certain Asset Purchase Agreement entered into by and between Debtor and Buyer (the "APA"), Buyer was allowed to designate for assumption by Debtor and assignment to Buyer any executory contracts and unexpired leases of the Debtor. The APA further provides that the sale of the assets must close on or before August 5, 2011 (the "Closing Date").

Buyer has designated certain unexpired leases and executory contracts for assignment. The Debtor has identified several unexpired leases and executory contracts that were not designated by the Buyer for assumption and assignment and are not necessary to the Debtor's operations after the Closing Date (the "Agreements").

## III.    THE BANKRUPTCY CODE GIVES GREAT DEFERENCE TO THE DECISION OF A DEBTOR-IN-POSSESSION TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Section 365 of the Bankruptcy Code authorizes a trustee, and therefore a debtor in possession, subject to court approval, to reject any executory contract or unexpired lease of the debtor.[2] Rejection of an executory contract or unexpired lease is appropriate when the best interests of the estate and its creditors will be served by such rejection because the contract or lease is a burden on the estate. *See, e.g., In re Robert Helms Construction*, 110 F.3d 1470, 1474 (9th Cir. 1997), *vacated and superseded on other grounds*, 139 F.3d 702 (9th Cir. 1998) (*en banc*).

---

[2]Bankruptcy Code section 365 provides, in relevant part, as follows:

(a) . . . the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a).

"A bankruptcy court's hearing on a motion to reject is a summary proceeding that involves only a cursory review of a trustee's decision to reject the contract." *Durkin v. Benedor Corp. (In re G.I. Indus.)*, 204 F.3d 1276, 1282 (9th Cir. 2000). "[I]n evaluating the rejection decision, the bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate." *Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.)*, 476 F.3d 665, 670 (9th Cir. 2007) (citations omitted). The bankruptcy court "should approve the rejection of an executory contract under § 365(a) unless it finds that the debtor-in-possession's conclusion that rejection would be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *Id.* (citations omitted).

The Debtor believes rejection of the Agreements is in the best interests of the bankruptcy estate, because the Agreements will be unnecessary for the ongoing operations of the Debtor after the Closing Date and are burdensome to the estate. Moreover, the Debtor's rejection of the Agreements will relieve the estate of any administrative claims that might, in the absence of rejection, arise in connection with the Agreements.

## IV. CONCLUSION

Based on the foregoing points and authorities, the Debtor respectfully requests that the Court grant relief as set forth in the form of order attached to the Motion as Exhibit A, or such other and further relief as is just and proper.

Dated: August 11, 2011        LAW OFFICES OF STEPHEN D. FINESTONE


/s/ Stephen D. Finestone
Stephen D. Finestone
Counsel for Debtor and Debtor in Possession

MEM P&A ISO MOT. REJ.
EXEC. CONT. & UNEXP. LEASES        3