Stephen D. Finestone (125675)
John F. Sullivan (175236)
LAW OFFICES OF STEPHEN D. FINESTONE
456 Montgomery Street, 20th Floor
San Francisco, CA 94104
Telephone: (415) 421-2624
Facsimile: (415) 398-2820
Email: sfinestone@pobox.com

Counsel for Debtor and Debtor in Possession
Tally One, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-31985 |
| TALLY ONE, INC. | Chapter 11 |
| fka NURSERYMEN'S EXCHANGE, INC. | **Date:** |
| Debtor and Debtor in Possession | **Time:** |
| | **Place:** 235 Pine Street, 22nd Floor |
| | San Francisco, CA |

**MOTION FOR APPROVAL OF AMENDMENT TO DEBTOR IN POSSESSION POST PETITION FINANCING AGREEMENT WITH WELLS FARGO BANK N.A.**

Debtor and Debtor in Possession, Tally One, Inc. fka Nurserymen's Exchange, Inc. ("Debtor") files this motion (the "Motion") for entry of an order approving the First Amendment to Debtor-in-possession Credit and Security Agreement (the "DIP Amendment") between Debtor and Wells Fargo Bank ("Wells Fargo"). The DIP Amendment amends the Debtor in Possession Credit and Security Agreement dated May 23, 2011(the "DIP Agreement") entered into by Debtor and Wells Fargo and approved by this Court by way of a Final Order on June 30, 2011.

**BACKGROUND:**

Debtor filed this case on May 23, 2011 and promptly sought approval of , among other things, the DIP Agreement and procedures to be used in the effort to sell Debtor's operating assets. The DIP Agreement was approved on interim bases on May 26, 2011, June 3, 2011 and June 10, 2011 before the

final approval on June 30, 2011. The DIP Agreement, as amended by the orders approving it, provided for Debtor to borrow up to $3.5 million subject to various conditions and restrictions.

Debtor's sale of its operating assets was approved by the Court on July 19, 2011. The sale price was $4 million subject to various prorations and to a potential price reduction for inventory levels. The sale to Floramoda, Inc. closed on August 5, 2011. Debtor understands that there will be no inventory adjustment to the purchase price. Approximately $3.699,000 was paid to Wells Fargo from the sale proceeds. Debtor anticipates the $400,000 holdback for potential inventory adjustments will be paid over to Wells Fargo shortly.

The DIP Agreement, by its terms, expired on August 5, 2011. The DIP Amendment provides for the extension of the DIP Agreement through November 5, 2011 pursuant to the budget agreed to by Debtor and Wells Fargo and attached to the accompanying declaration of Stephen D. Finestone. The purpose of the DIP Amendment and related budget is to provide Debtor with adequate funds to continue its wind down efforts, which primarily will focus on the sale of its remaining real estate assets. Debtor is optimistic that it will be able to confirm a plan by the time the DIP Amendment expires as Debtor and the Official Committee of Unsecured Creditors (the "Committee") are currently working on a joint plan of reorganization.

**The DIP Amendment**

The DIP Amendment leaves intact the terms of the DIP Agreement except for certain identified amendments thereto.

The pertinent terms of the DIP Amendment are as follows:

- **The Carve-out** - The DIP Amendment makes clear that there is a "carve-out" for use of the loan to fund professional fees up to $400,000 and to pay FocalPoint Securities its $375,000 fee for sale of the operating assets, provided however that the fees are first approved by the Bankruptcy Court (Amendment to section 1.3(a)). Section 5.3(a) is also amended for the same purpose.

- **The Budget:** Exhibit G to the DIP Agreement is amended with a new Exhibit G, which provides the approved budget through November 5, 2011. The budget provides for, among other things, payment of same remaining post petition accounts payable and payment of anticipated expenses associated with the winding down of the business. Two of Debtor's principals, Jack Pearlstein and Gail

Hollingsworth, will be involved in the wind down efforts, but are working without a salary. Debtor will continue to use the services of its financial advisor, C&A, Inc., but on a restricted basis, and will use part time contract assistance by a former employee in preparation for its tax returns and assembly of related financial information. The budget also provides for payment of necessary insurance and payment of property taxes on Debtor's remaining real property.

On the "receipts" portion of the budget, Debtor anticipates receiving the return of a $150,000 deposit it made in connection with the potential sale of the PUD property to RL Communities, and the return of $215,000 paid as post petition deposits for utilities. Once received, these funds will be applied to Wells Fargo's loan.

- **Releases:** The DIP Amendment contains a release which is consistent with the release that was in the DIP Agreement. The release language results in a release of claims by the Debtor but makes clear that the release does not affect the right of the Committee to pursue an action against Wells Fargo in the time limits proscribed by the previous order approving the DIP Agreement.

- **Termination Date**: As noted above, the DIP Amendment modifies the termination (referred to therein as the "Maturity Date") by extending it from August 5, 2011 to November 5, 2011.

**Notice to Parties:**

Notice of this Motion will be given to: (a) the Office of the United States Trustee; (b) the Committee and its counsel; and counsel to Wells Fargo. Debtor respectfully submits that no further notice of this Motion is required.

**CONCLUSION**

Based on the above and the supporting declarations, Debtor respectfully requests that this Court enter an order approving the DIP Amendment and attached budget.

Dated: August 12, 2011                LAW OFFICES OF STEPHEN D. FINESTONE


                                      /s/ Stephen D. Finestone
                                      Stephen D. Finestone
                                      Attorney for Debtor