1  Stephen D. Finestone (125675)
   John F. Sullivan (175236)
2  LAW OFFICES OF STEPHEN D. FINESTONE
   456 Montgomery Street, 20th Floor
3  San Francisco, CA 94104
   Telephone: (415) 421-2624
4  Facsimile: (415) 398-2820
   Email: sfinestone@pobox.com
5
6  Counsel for Debtor and Debtor in Possession
   Tally One, Inc.

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  In re                                    )   Case No. 11-31985
                                             )
12  TALLY ONE, INC.                          )   Chapter 11
                                             )
13  fka NURSERYMEN'S EXCHANGE, INC.          )   **Date:**
                                             )   **Time:**
14        Debtor and Debtor in Possession    )   **Place:** 235 Pine Street, 22nd Floor
                                             )             San Francisco, CA
15  _____

16  **DECLARATION OF STEPHEN D. FINESTONE IN SUPPORT OF MOTION FOR APPROVAL**
    **OF AMENDMENT TO DEBTOR IN POSSESSION POST PETITION FINANCING**
17  **AGREEMENT WITH WELLS FARGO BANK N.A.**

18        1.      I am an attorney employed by the Law Offices of Stephen D. Finestone, Chapter 11

19  counsel for Debtor and Debtor in Possession Tally One, Inc. fka Nurserymen's Exchange, Inc. (the

20  "Debtor").

21        2.      I make this declaration in support of Debtor's Motion for Approval of Amendment to

22  Debtor in Possession Post Petition Financing Agreement with Wells Fargo Bank N.A. (the "Motion"). If

23  called as a witness I could and would testify competently to the matters set forth herein. The Motion

24  seeks approval of the First Amendment to Debtor-in-possession Credit and Security Agreement (the "DIP

25  Amendment"). The DIP Amendment amends the Debtor in Possession Credit and Security Agreement

26  dated May 23, 2011(the "DIP Agreement") entered into by Debtor and Wells Fargo and approved by this

27  Court by way of a Final Order on June 30, 2011.

28

FINESTONE DEC RE DIP AMENDMENT
                                     1

3.      Debtor filed this case on May 23, 2011 and promptly sought approval of , among other things, the DIP Agreement and procedures to be used in the effort to sell Debtor's operating assets. The DIP Agreement was approved on interim bases on May 26, 2011, June 3, 2011 and June 10, 2011 before the final approval on June 30, 2011.  The DIP Agreement, as amended by the orders approving it, provided for Debtor to borrow up to $3.5 million subject to various conditions and restrictions.

4.      Debtor's sale of its operating assets was approved by the Court on July 19, 2011. The sale price was $4 million subject to various prorations and to a potential price reduction for inventory levels. The sale to Floramoda, Inc. closed on August 5, 2011. Based on the pre-closing inventory and information received from the buyer, I understand that there will be no inventory adjustment to the purchase price.  Approximately $3.699,000 was paid to Wells Fargo from the sale proceeds.  The $400,000 holdback for potential inventory adjustments will be paid over to Wells Fargo shortly based on the information received from the buyer regarding the level of inventory on closing of the sale.

5.      The DIP Agreement, by its terms, expired on August 5, 2011.  The DIP Amendment provides for the extension of the DIP Agreement through November 5, 2011 pursuant to the budget agreed to by Debtor and Wells Fargo.  Attached hereto as Exhibit A is a true and correct copy of the DIP Amendment, which has been signed by representatives of the Debtor and Wells Fargo.  Also attached is the approved budget through November 5, 2011.

6.      The purpose of the DIP Amendment and related budget is to provide Debtor with adequate funds to continue its wind down efforts, which primarily will focus on the sale of its remaining real estate assets.  Debtor is optimistic that it will be able to confirm a plan by the time the DIP Amendment expires as Debtor and the Official Committee of Unsecured Creditors (the "Committee") are currently working on a joint plan of reorganization.

7.      In terms of the local cash collateral and debtor financing guidelines, the disclosures made in connection with the motion to approve the DIP Agreement, would continue to apply as the DIP Amendment does not amend any of the relevant disclosed provisions in the DIP Agreement except as to the increased carve-out for professionals and the new termination date.  The release language contained in the DIP Amendment is consistent with that in the DIP Agreement, as modified by the Court's final order of June 30, 2011.

FINESTONE DEC RE DIP AMENDMENT

2

1    I declare under penalty of perjury that the foregoing is true and correct, and that this declaration

2    was executed on August 12, 2011, at San Francisco, California.

3

4                                              /s/ Stephen D. Finestone
                                             Stephen D. Finestone
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINESTONE DEC RE DIP AMENDMENT

3